SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
--------------------------------------------------------------x
DIANE DELOACH,

Plaintiff/Petitioner,

- against -

Index No. EF008250-2024

SAM'S EAST, INC.,
SAM'S CLUB STORE #6423,
WAL-MART STORES, INC. #01-1959,
WAL-MART STORES EAST, LP, and
WAL-MART STORES EAST, INC.

Defendant/Respondent.
--------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Consensual Case)**
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: http://www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 10/2/2024

Jeffrey Shalke, Esq.
Name
Sobo & Sobo, LLP.
Firm Name

1 Dolson Avenue
Address
Middletown, NY 10940

845-343-7626
Phone

jshalke@sobolaw.com
E-Mail

To: SAM' S CLUB STORE #6423,
300 North Galleria Drive
Middletown, New York 10941

WAL-MART STORES, INC. #01-1959,
470 NY-211 East
Middletown, New York 10940

SAM'S EAST, INC.,
Served upon Secretary of State

WAL-MART STORES EAST, LP,
Served upon Secretary of State

WAL-MART STORES EAST, INC.
Served upon Secretary of State

6/6/18

Date of Filing:

Plaintiff designates
Orange County
as the place of trial.

The basis of venue is the
Location of Accident.

Plaintiff resides at
1427 Mount Vernon Ave
Portsmouth, VA 23707

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X
DIANE DELOACH,

Plaintiff,

-against-

**SUMMONS**

SAM'S EAST, INC.,
SAM'S CLUB STORE #6423,
WAL-MART STORES, INC. #01-1959,
WAL-MART STORES EAST, LP, and
WAL-MART STORES EAST, INC.

Defendants.
-----------------------------------------------------------------X

To the above-named Defendants:

YOU ARE HEREBY SUMMONED, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within - 20- days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: October 2, 2024

Jeffrey Shalke

Jeffrey Shalke, Esq.
SOBO & SOBO, LLP
*Attorneys for Plaintiff(s)*
One Dolson Avenue
Middletown, NY 10940
(845) 343-0466

Defendants' addresses: See Complaint

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------X
DIANE DELOACH,

Plaintiff,

-against-

**VERIFIED COMPLAINT**

SAM'S EAST, INC.,
SAM'S CLUB STORE #6423,
WAL-MART STORES, INC. #01-1959,
WAL-MART STORES EAST, LP, and
WAL-MART STORES EAST, INC.

Defendants.

-----------------------------------------------------------X

Plaintiff, DIANE DELOACH, by her attorneys, SOBO & SOBO, L.L.P., as and for the Verified Complaint, herein alleges the following:

1. That the Plaintiff is currently a resident of Portsmouth, Virginia.
2. That at the time of the subject incident, the Plaintiff was a resident of County of Orange, State of New York.
3. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S EAST, INC., was and still is a domestic business corporation organized and existing under and by virtue of the Laws of the State of New York.
4. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S EAST, INC., was and still is a foreign corporation duly authorized to do business within the State of New York.
5. That at al times hereinafter mentioned, upon information and belief, the Defendant, SAM'S EAST, INC., was and still is a business entity doing business within the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S EAST, INC., was the owner of certain premises located at 300 North Galleria Drive, in the Town of Middletown, County of Orange, State of New York.

7. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S EAST, INC., maintained the aforesaid premises.

8. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S EAST, INC., managed the aforesaid premises.

9. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S EAST, INC., controlled the aforesaid premises.

10. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S EAST, INC., operated the aforesaid premises.

11. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S EAST, INC., was the lessee of the aforesaid premises.

12. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S EAST, INC., was the lessor of the aforesaid premises.

13. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB STORE #6423, was and still is a domestic business corporation organized and existing under and by virtue of the Laws of the State of New York.

14. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB STORE #6423, was and still is a foreign corporation duly authorized to do business within the State of New York.

15. That at al times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB STORE #6423, was and still is a business entity doing business within the State of New York.

16. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB STORE #6423, was the owner of certain premises located at 300 North Galleria Drive, in the Town of Middletown, County of Orange, State of New York.

17. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB STORE #6423, maintained the aforesaid premises.

18. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB STORE #6423, managed the aforesaid premises.

19. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB STORE #6423, controlled the aforesaid premises.

20. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB STORE #6423, operated the aforesaid premises.

21. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB STORE #6423, was the lessee of the aforesaid premises.

22. That at all times hereinafter mentioned, upon information and belief, the Defendant, SAM'S CLUB STORE #6423, was the lessor of the aforesaid premises.

23. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. #01-1959, was and still is a domestic business corporation organized and existing under and by virtue of the Laws of the State of New York.

24. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. #01-1959, was and still is a foreign corporation duly authorized to do business within the State of New York.

25. That at al times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. #01-1959, was and still is a business entity doing business within the State of New York.

26. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. #01-1959, was the owner of certain premises located at 300 North Galleria Drive, in the Town of Middletown, County of Orange, State of New York.

27. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. #01-1959, maintained the aforesaid premises.

28. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. #01-1959, managed the aforesaid premises.

29. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. #01-1959, controlled the aforesaid premises.

30. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. #01-1959, operated the aforesaid premises.

31. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. #01-1959, was the lessee of the aforesaid premises.

32. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES, INC. #01-1959, was the lessor of the aforesaid premises.

33. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, was and still is a domestic business corporation organized and existing under and by virtue of the Laws of the State of New York.

34. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, was and still is a foreign corporation duly authorized to do business within the State of New York.

35. That at al times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, was and still is a business entity doing business within the State of New York.

36. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP , was the owner of certain premises located at 300 North Galleria Drive, in the Town of Middletown, County of Orange, State of New York.

37. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, maintained the aforesaid premises.

38. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, managed the aforesaid premises.

39. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, controlled the aforesaid premises.

40. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, operated the aforesaid premises.

41. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, was the lessee of the aforesaid premises.

42. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, LP, was the lessor of the aforesaid premises.

43. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, INC., was and still is a domestic business corporation organized and existing under and by virtue of the Laws of the State of New York.

44. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, INC., was and still is a foreign corporation duly authorized to do business within the State of New York.

45. That at al times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, INC., was and still is a business entity doing business within the State of New York.

46. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, INC., was the owner of certain premises located at 300 North Galleria Drive, in the Town of Middletown, County of Orange, State of New York.

47. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, INC., maintained the aforesaid premises.

48. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, INC., managed the aforesaid premises.

49. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, INC., controlled the aforesaid premises.

50. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, INC., operated the aforesaid premises.

51. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, INC., was the lessee of the aforesaid premises.

52. That at all times hereinafter mentioned, upon information and belief, the Defendant, WAL-MART STORES EAST, INC., was the lessor of the aforesaid premises.

53. That on or about the 27th day of January, 2022, while this Plaintiff was lawfully upon the aforesaid premises, Plaintiff was caused to be precipitated to the ground, thereby sustaining severe and serious personal injuries.

54. The negligent, wanton, reckless and careless acts of the Defendant(s), their agents, servants and/or employees were a cause of the incident and resultant injuries.

55. That the Defendant(s) were negligent, wanton, reckless and careless in, among other things, allowing, causing and/or permitting dangerous, hazardous, slippery and/or unsafe conditions to exist on the aforesaid premises; in acting with reckless disregard for the safety of others, and the defendant, was in other ways negligent, wanton, reckless and careless.

56. That the Defendants had actual and/or constructive notice of the dangerous and/or defective condition in that the condition existed for a sufficient length of time prior to the happening of the incident and in the exercise of reasonable care, the Defendants could have and should have had knowledge and notice thereof and further, the defendants, their agents, servants and/or employees created said condition.

57. The limited liability provisions of CPLR 1601 do not apply pursuant to the exceptions of CPLR 1602, including, but not limited to, 1602(2)(iv), 1602(7) and 1602(11).

58. That by reason of the foregoing, this Plaintiff was caused to sustain severe and serious personal injuries to Plaintiff's mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, this Plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the Plaintiff further was caused to lose substantial periods of time from the normal vocation and

activities, and upon information and belief, may continue in that way into the future and suffer similar losses.

WHEREFORE, Plaintiff demands judgment against the defendants, and each of them, as follows:

A sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter, together with the costs and disbursements of this action.

Dated: October 2, 2024
Middletown, New York

Jeffrey Shalke

Jeffrey Shalke, Esq.
SOBO & SOBO, LLP
*Attorneys for Plaintiff(s)*
One Dolson Avenue
Middletown, NY 10940
(845) 343-0466

TO: SAM'S EAST, INC.,
*Served upon Secretary of State*

SAM'S CLUB STORE #6423,
300 North Galleria Drive
Middletown, New York 10941

WAL-MART STORES, INC. #01-1959,
470 NY-211 East
Middletown, New York 10940

WAL-MART STORES EAST, LP,
*Served upon Secretary of State*

WAL-MART STORES EAST, INC.
*Served upon Secretary of State*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
-----------------------------------------------------------------X

DIANE DELOACH,

Plaintiff,

-against-

**ATTORNEY VERIFICATION**

SAM'S EAST, INC.,
SAM'S CLUB STORE #6423,
WAL-MART STORES, INC. #01-1959,
WAL-MART STORES EAST, LP, and
WAL-MART STORES EAST, INC.

Defendants.

-----------------------------------------------------------------X

STATE OF NEW YORK

ss:

COUNTY OF ORANGE

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and say that:

I am the Attorney of record, or of Counsel with the Attorneys of record, for the Plaintiff. I have read the annexed Verified Summons and Complaint, know the contents thereof and I believe them to be true, based upon the facts and information contained in deponent's file. The reason I make this affirmation instead of the Plaintiff is because the Plaintiff is not within the County of Orange where affirmant's law office is located.

Dated: October 2, 2024

Jeffrey Shalke

Jeffrey Shalke, Esq.
**SOBO & SOBO, L.L.P.**
*Attorneys for Plaintiff*
One Dolson Avenue
Middletown, New York 10940

WM 24-537
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE
--------------------------------------------------------------------X
DIANE DELOACH, **Index No.: EF008250-2024**

Plaintiff,

-against- **VERIFIED ANSWER**

SAM'S EAST, INC.,
SAM'S CLUB STORE #6423,
WAL-MART STORES, INC. #01-1959,
WAL-MART STORES EAST, LP, and
WAL-MART STORES EAST, INC.,

Defendants.
--------------------------------------------------------------------X

The defendant, SAM'S EAST, INC. i/s/h/a "SAM'S CLUB STORE #6423, WAL-MART STORES, INC. #01-1959, WAL-MART STORES EAST, LP, and WAL-MART STORES EAST, INC.", by its attorneys, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein states upon information and belief:

FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "1", and "2", and each and every part thereof.

SECOND: Defendant denies the allegations set forth in paragraph marked "3", and each and every part thereof.

THIRD: Defendant denies the allegations set forth in paragraph marked "4", except admits that SAM'S EAST, INC. was and still is a foreign corporation duly authorized to do business within the State of New York.

FOURTH: Defendant denies the allegations set forth in paragraph marked "5", except admits that SAM'S EAST, INC. was and still is a business entity doing business within the

State of New York.

FIFTH: Defendant denies the allegations set forth in paragraph marked "6", and each and every part thereof.

SIXTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "7", "8", and "9", and respectfully refers all questions of law to the trial Court.

SEVENTH: Defendant denies the allegations set forth in paragraph marked "10", except admits that SAM'S EAST, INC. operated the aforesaid premises.

EIGHTH: Defendant denies the allegations set forth in paragraph marked "11", except admits that SAM'S EAST, INC. is a lessee of the aforesaid premises.

NINTH: Defendant denies the allegations set forth in paragraphs marked "12", and "13", and each and every part thereof.

TENTH: Defendant denies the allegations set forth in paragraph marked "14", except admits that SAM'S EAST, INC. was and still is a foreign corporation duly authorized to do business within the State of New York.

ELEVENTH: Defendant denies the allegations set forth in paragraph marked "15", except admits that SAM'S EAST, INC. was and still is a business entity doing business within the State of New York.

TWELFTH: Defendant denies the allegations set forth in paragraph marked "16", and each and every part thereof.

THIRTEENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "17", "18", and "19", and respectfully refers all questions of law to the trial Court.

FOURTEENTH: Defendant denies the allegations set forth in paragraph marked "20", except admits that SAM'S EAST, INC. operated the aforesaid premises.

FIFTEENTH: Defendant denies the allegations set forth in paragraph marked "21", except admits that SAM'S EAST, INC. is a lessee of the aforesaid premises.

SIXTEENTH: Defendant denies the allegations set forth in paragraphs marked "22", and "23", and each and every part thereof.

SEVENTEENTH: Defendant denies the allegations set forth in paragraph marked "24", except admits that SAM'S EAST, INC. was and still is a foreign corporation duly authorized to do business within the State of New York.

EIGHTEENTH: Defendant denies the allegations set forth in paragraph marked "25", except admits that SAM'S EAST, INC. was and still is a business entity doing business within the State of New York.

NINETEENTH: Defendant denies the allegations set forth in paragraph marked "26", and each and every part thereof.

TWENTIETH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "27", "28", and "29", and respectfully refers all questions of law to the trial Court.

TWENTY-FIRST: Defendant denies the allegations set forth in paragraph marked "30", except admits that SAM'S EAST, INC. operated the aforesaid premises.

TWENTY-SECOND: Defendant denies the allegations set forth in paragraph marked "31", except admits that SAM'S EAST, INC. is a lessee of the aforesaid premises.

TWENTY-THIRD: Defendant denies the allegations set forth in paragraphs marked "32", and "33", and each and every part thereof.

TWENTY-FOURTH: Defendant denies the allegations set forth in paragraph marked "34", except admits that SAM'S EAST, INC. was and still is a foreign corporation duly authorized to do business within the State of New York.

TWENTY-FIFTH: Defendant denies the allegations set forth in paragraph marked "35", except admits that SAM'S EAST, INC. was and still is a business entity doing business within the State of New York.

TWENTY-SIXTH: Defendant denies the allegations set forth in paragraph marked "36", and each and every part thereof.

TWENTY-SEVENTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "37", "38", and "39", and respectfully refers all questions of law to the trial Court.

TWENTY-EIGHTH: Defendant denies the allegations set forth in paragraph marked "40", except admits that SAM'S EAST, INC. operated the aforesaid premises.

TWENTY-NINTH: Defendant denies the allegations set forth in paragraph marked "41", except admits that SAM'S EAST, INC. is a lessee of the aforesaid premises.

THIRTIETH: Defendant denies the allegations set forth in paragraphs marked "42", and "43", and each and every part thereof.

THIRTY-FIRST: Defendant denies the allegations set forth in paragraph marked "44", except admits that SAM'S EAST, INC. was and still is a foreign corporation duly authorized to do business within the State of New York.

THIRTY-SECOND: Defendant denies the allegations set forth in paragraph marked "45", except admits that SAM'S EAST, INC. was and still is a business entity doing business within the State of New York.

THIRTY-THIRD: Defendant denies the allegations set forth in paragraph marked "46", and each and every part thereof.

THIRTY-FOURTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "47", "48", and "49", and respectfully refers all questions of law to the trial Court.

THIRTY-FIFTH: Defendant denies the allegations set forth in paragraph marked "50", except admits that SAM'S EAST, INC. operated the aforesaid premises.

THIRTY-SIXTH: Defendant denies the allegations set forth in paragraph marked "51", except admits that SAM'S EAST, INC. is a lessee of the aforesaid premises.

THIRTY-SEVENTH: Defendant denies the allegations set forth in paragraph marked "52", and each and every part thereof.

THIRTY-EIGHTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "53", and each and every part thereof.

THIRTY-NINTH: Defendant denies the allegations set forth in paragraphs marked "54", "55", and "56", and each and every part thereof.

FORTIETH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "57", and respectfully refers all questions of law to the trial Court.

FORTY-FIRST: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "58", and each and every part thereof.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

FORTY-SECOND: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

FORTY-THIRD: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

FORTY-FOURTH: Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, SAM'S EAST, INC. i/s/h/a "SAM'S CLUB STORE #6423, WAL-MART STORES, INC. #01-1959, WAL-MART STORES EAST, LP, and WAL-MART STORES EAST, INC.", requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
October 15, 2024

Yours, etc.

O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant

By: s/
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 24-537

TO: SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, New York 10940
(845) 343-0466

**AFFIRMATION BY ATTORNEY**

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
October 15, 2024

s/____________________________
PATRICIA A. O'CONNOR